**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC, et al., <br><br> Plaintiffs, <br> v. <br><br> AL JAZEERA MEDIA NETWORK, <br><br> Defendant. | Case No.  25-cv-05891-BLF <br><br> **ORDER GRANTING MOTION TO DISMISS COUNT II OF THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** <br><br> [Re:  ECF 34] |

Global Weather Productions, LLC ("GWP") is a videography company that licenses and distributes copyrighted videos of extreme weather events filmed by professional storm chasers, videographers, and journalists.  GWP and several of its content creators (collectively, "Plaintiffs") sue Al Jazeera Media Network ("Al Jazeera" or "Defendant") for the unauthorized display of those videos on Al Jazeera's YouTube channel.  The first amended complaint ("FAC") asserts claims for copyright infringement (Count I) and falsification of copyright management information ("CMI") (Count II).  *See* FAC, ECF 31.

Defendant moves to dismiss Count II for falsification of CMI under Federal Rule of Civil Procedure 12(b)(6).  The motion is GRANTED WITH LEAVE TO AMEND as discussed below.

I.    **BACKGROUND**[1]

Plaintiffs operate popular YouTube channels on which they display copyrighted videos of extreme weather events.  *See* FAC ¶¶ 13-22.  "Plaintiffs are popular and frequent sources of footage of weather events that cannot be obtained elsewhere."  *Id*. ¶ 20.  That makes Plaintiffs

---

[1] This section is drawn from the allegations of the complaint, which are accepted as true for purposes of the Rule 12(b)(6) motion.  *See Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).

targets for infringers, who frequently copy, download, and reupload Plaintiffs' videos without Plaintiffs' authorization. *See id*. Such infringement causes Plaintiffs to lose out on potential sales or licensing revenue, damages Plaintiffs' reputation, and makes it more difficult for Plaintiffs to negotiate valuable licenses. *See id*. ¶ 23.

Defendant operates the YouTube Channel Al Jazeera English, which is popular and earns significant revenue. *See* FAC ¶¶ 29, 37-38. Defendant copied and downloaded Plaintiffs' copyrighted works from Plaintiffs' YouTube channels or Plaintiffs' Facebook pages. *See id*. ¶ 40. "Once downloaded, Al Jazeera edited the pirated videos to remove or crop out Plaintiffs' proprietary watermarks and metadata." *Id*. ¶ 41. "After editing the pirated videos, Al Jazeera combined the Plaintiffs' videos with other video content that it either stole from others or created themselves and then reupload the resulting video to its YouTube channel and enabled advertising on them to earn monetization revenue." *Id*.

Plaintiffs filed this action on July 14, 2025. *See* Compl., ECF 1. In response to a motion to dismiss the complaint, and with leave of the Court, Plaintiffs filed the operative FAC on November 24, 2025. *See* Order, ECF 29; FAC, ECF 31. The FAC asserts two claims against Defendant Al Jazeera: (1) copyright infringement in violation of 17 U.S.C. § 501 (Count I); and (2) falsification of CMI in violation of 17 U.S.C. § 1202(a) (Count II). *See* FAC ¶¶ 55-69.

Defendant moves to dismiss Count II for falsification of CMI under Rule 12(b)(6). *See* Def.'s Mot., ECF 24. Defendant's motion is not directed to Count I for copyright infringement. *See id*.

## II.   LEGAL STANDARD

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. The court may consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters that are subject to judicial notice. *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

United States District Court
Northern District of California

**III.    DISCUSSION**

Defendant's motion is directed to Count II for falsification of CMI in violation of 17 U.S.C. § 1202(a), a provision of the Digital Millennium Copyright Act ("DMCA").  Defendant asserts two grounds for dismissal of that claim:  first, that Plaintiffs have not alleged that Defendant conveyed false CMI in connection with *identical* copies of Plaintiffs' copyrighted works; and second, that Plaintiffs have not pled either prong of the statutory "double scienter" requirement.

In opposition, Plaintiffs argue that there is no "identical copy" requirement for a false CMI claim under the DMCA, and that they have adequately alleged Defendants' falsification of CMI in connection with Plaintiffs' copyrighted works.  Plaintiffs also assert that they have adequately pled both prongs of the statutory double scienter requirement.

The Court first discusses the elements of a false CMI claim, and then it takes up the parties' arguments regarding the adequacy of Plaintiffs' pleading.

**A.    Elements of a False CMI Claim**

Section 1202(a) provides that:

No person shall *knowingly* and with the *intent* to induce, enable, facilitate, or conceal infringement –

(1)    provide copyright management information that is false, or

(2)    distribute or import for distribution copyright management information that is false.

17 U.S.C. § 1202(a) (emphasis added).

The DMCA defines "copyright management information," or CMI, as certain types of information that is "*conveyed in connection with copies* or phonorecords *of a work*[.]"  17 U.S.C. § 1202(c) (emphasis added).  Section 1202(c) lists eight categories of information falling within the definition of CMI, including, as relevant here, "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."  17 U.S.C. § 1202(c)(3).

To make out a claim for falsification of CMI under § 1202(a), a plaintiff must allege both that the defendant conveyed false CMI "in connection with" copies of the plaintiff's work, and

3

that the defendant acted both "knowingly" and with the "intent" required under the statute. *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 970 (N.D. Cal. 2024); *see also, Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018). To satisfy this "double scienter" requirement, the plaintiff must plausibly allege that the defendant (1) knowingly provided, distributed, or imported for distribution false CMI *and* (2) did so with the intent to induce, enable, facilitate, or conceal an infringement. *See Anderson*, 744 F. Supp. 3d at 970 ("[P]laintiffs fail to allege facts plausibly satisfying the 'double scienter' required under (a); that Stability knowingly provided false CMI with the intent to induce or enable infringement."); *see also Krechmer*, 747 F. App'x at 9 ("In order to plead a violation of § 1202(a), plaintiff thus must plausibly allege that defendant knowingly provided false copyright information *and* that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement.").

### B.    In Connection with Copies of a Work

The DMCA defines CMI to mean certain information "conveyed in connection with copies . . . of a work[.]" 17 U.S.C. § 1202(c) (emphasis added). Defendant argues that false CMI is actionable only if it is conveyed in connection with an *identical* copy of the plaintiff's work. The FAC alleges that Defendant edited Plaintiffs' copyrighted videos to crop out Plaintiffs' proprietary watermarks and metadata, and then combined Plaintiffs' videos with other video content before uploading the resulting video to its YouTube channel. *See* FAC ¶ 41. Defendant added its watermark/logo as a static display in the bottom corner of the entirety of the resulting video, including the clips of Plaintiffs' videos. *See id*. ¶¶ 51-54. It is Defendant's position that this alleged conduct does not give rise to a claim for falsification of CMI because the video Defendant uploaded to its own channel was not identical to any of the copyrighted videos.

The word "identical" does not appear in the DMCA's definition of CMI. However, Defendant points out that some district courts have held that "'no DMCA violation exists where the works are not identical.'" *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022) (quoting *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020)). A court in the Southern District of New York has gone even farther, holding that "a party that puts its own CMI on work distinct from work owned

4

United States District Court
Northern District of California

by a copyright holder is not liable under Section 1202(a), even if the party's work incorporates the copyright holder's work." *Michael Grecco Prods., Inc. v. Time USA, LLC*, No. 20 CIV 4875 (NRB), 2021 WL 3192543, at *5 (S.D.N.Y. July 27, 2021).

Plaintiffs counter with the assertion that "[o]ther courts have held that an infringing work need not be an identical copy to violate the DMCA." *New Parent World, LLC v. True To Life Prods., Inc.*, No. CV-23-08089-PCT-DGC, 2024 WL 4277865, at *2 (D. Ariz. Sept. 24, 2024); *see also ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 427 (S.D. Tex. 2023) ("Based on the plain wording of the statute, the Court is not persuaded that the DMCA includes an 'identical copy' requirement.").

This Court agrees with the line of cases cited by Plaintiffs, holding that the DMCA does not include an "identical copy" requirement. The Court begins with the plain language of the statute, which defines CMI as certain information conveyed in connection with "copies" of a work. 17 U.S.C. § 1202(c). Section 1202(c) does not specify that the copy must be identical to the original work. *See id*. The DMCA is contained within the Copyright Act, which defines "copies" as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and *from which the work can be perceived, reproduced, or otherwise communicated*, either directly or with the aid of a machine or device." 17 U.S.C. § 101 (emphasis added). That definition of "copies" does not contain an identicality requirement. Nothing in the language of the DMCA or the Copyright Act as a whole supports insertion of the word "identical" before the word "copies" in the § 1202(c) definition of CMI. Accordingly, based on the plain language of the DMCA and the Copyright Act, and the reasoning set forth in *New Parent World* and *ADR Int'l*, this Court concludes that there is no "identical copy" requirement for a false CMI claim under § 1202(a).

Plaintiffs allege that Defendant downloaded Plaintiffs' copyrighted videos; selected clips from those copyrighted videos; removed Plaintiffs' identifying information from those clips before combining them with other video content; and displayed Defendant's watermark/logo in the bottom corner of the entirety of the resulting video. *See* FAC ¶¶ 41, 51-54 & Ex. 2. The Court finds those allegations sufficient to plead that Defendant conveyed false CMI "in connection with"

copies of Plaintiffs' works.  The Court is unpersuaded by Defendant's argument that it is insulated from liability under § 1202(a) by the relative brevity of the clips it pirated from Plaintiffs' copyrighted videos in comparison to the length of the entire resulting video displayed on Defendant's YouTube channel.

### C.      Scienter

A plaintiff asserting a claim under § 1202(a) must satisfy what is often referred to as a "double scienter" requirement by plausibly alleging that the defendant (1) knowingly provided, distributed, or imported for distribution false CMI *and* (2) did so with the intent to induce, enable, facilitate, or conceal an infringement.  *See Anderson*, 744 F. Supp. 3d at 970.

### A.      Knowingly Provided, Distributed, or Imported for Distribution False CMI

The first prong of the scienter requirement is that the defendant *knowingly* provided, distributed, or imported for distribution false CMI.  *See* 17 U.S.C. § 1202(a); *Anderson*, 744 F. Supp. 3d at 970.  A reasonable inference that the defendant acted with the requisite knowledge may be drawn from allegations that the defendant removed the plaintiff's identifying watermark from a video and reposted the video with false CMI identifying the defendant as the owner of the work.  *See APL Microscopic, LLC v. Steenblock*, No. 21-55745, 2022 WL 4830687, at *2 (9th Cir. Oct. 3, 2022) ("Because APL plausibly alleges that Steenblock controlled the social media pages, and the Works are missing the watermark when presented on those pages, we can draw a 'reasonable inference' that Steenblock knowingly removed the CMI.").

Another judge in this district found the knowledge prong of the scienter requirement to be satisfied for purposes of a motion for preliminary injunction where the plaintiff "provided screenshots that plainly show Defendant has reposted Plaintiff's videos after removing Plaintiff's watermark, which constitutes CMI, and has also reposted them, in some instances with false CMI, purporting to own them himself."  *Gharavi v. Kumar*, No. 25-CV-08873-HSG, 2025 WL 3564208, at *3 (N.D. Cal. Dec. 12, 2025).

In the present case, Plaintiffs allege that Defendant removed Plaintiffs' proprietary watermarks and metadata from clips of Plaintiffs' copyrighted videos, combined those clips with

United States District Court
Northern District of California

6

other video content, and uploaded the resulting video with Defendant's own watermark/logo displayed in the bottom corner during the entirety of the resulting video, including the clips of Plaintiffs' videos. *See* FAC ¶¶ 41, 51-54 & Ex. 2. The Court finds that those allegations give rise to a reasonable inference that Defendant knowingly provided or distributed false CMI.

**B.    With Intent to Induce, Enable, Facilitate, or Conceal an Infringement**

The second prong of the scienter requirement is that the defendant provided false CMI with the *intent* to induce, enable, facilitate, or conceal an infringement. *See* 17 U.S.C. § 1202(a); *Anderson*, 744 F. Supp. 3d at 970. "At the pleading stage, the claimant must plead facts plausibly showing that the alleged infringer had this required mental state." *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019) (addressing pleading requirements for a claim under 17 U.S.C. § 1202(b)). For example, a judge in this district found the intent requirement satisfied by factual allegations that the defendant added an open-source license to code on his personal webpage, falsely identifying himself as the owner of the copyright in the code and falsely providing open-source terms for use of the code, despite its derivation from the proprietary source code of the plaintiff. *See Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1054 (N.D. Cal. 2023).

Plaintiffs have not pled any such facts here. At the hearing, Plaintiffs' counsel directed the Court's attention to paragraphs 66-67 of the FAC. However, those paragraphs contain purely conclusory allegations that the false CMI at issue was "provided to induce, enable, facilitate, or conceal infringement of Plaintiffs Works," and that Defendant engaged in the alleged conduct "knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiffs' rights in the Works[.]" FAC ¶¶ 66-67. The Court acknowledges the difficulty of the scienter pleading requirement for § 1202(a) claims. However, something more than boilerplate allegations mirroring the statutory language is required.

Defendant's motion to dismiss Count II for falsification of CMI in violation of 17 U.S.C. § 1202(a) is GRANTED WITH LEAVE TO AMEND.

United States District Court
Northern District of California

## IV.   ORDER

(1)   Defendant's motion to dismiss Count II for falsification of CMI in violation of 17 U.S.C. § 1202(a) is GRANTED WITH LEAVE TO AMEND.

(2)   Plaintiff shall file any amended pleading within 21 days after issuance of this order, or by June 24, 2026.

(3)   Leave to amend is limited to the defects in Count II discussed herein.  Plaintiffs may not add new claims or defendants without express leave of the Court.

(4)   This order terminates ECF 34.

Dated:  June 3, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8